IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
MAR 16 2011
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| WBS BROAD RIPPLE, INC., d/b/a WILD BEAVER SALOON, | ) ) ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

1:11-cv-0373 TWP-DML

COMPLAINT

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Heather Gibson, who was adversely affected by such practices. The Commission alleges that Defendant terminated Heather Gibson because of her pregnancy and thereby discriminated against her because of her sex, in violation of Title VII. The Commission also alleges that Defendant has willfully failed to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) and of Title VII, 42 U.S.C. § 2000e-5 (f) (1) and (3).

4. At all relevant times, Defendant, WBS Broad Ripple, Inc., d/b/a Wild Beaver Saloon (the "Employer"), has continuously been an Indiana corporation, doing business in the State of Indiana and the City of Indianapolis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Heather Gibson filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2010, Defendant Employer has engaged in unlawful employment practices at its Indianapolis, Indiana facility, in violation of Section 703(a) (1) of

Title VII, 42 U.S.C. § 2000e-2(a) (1). The unlawful practices include terminating Heather Gibson because of her pregnancy.

8. The effect of the practice complained of in paragraph 7 above has been to deprive Heather Gibson of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

9. Since at least September 2010, Defendant Employer has willfully failed, in violation of Section 711(a) and (b) of Title VII, 42 U.S.C. § 2000e-10(a) and (b), to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

10. The unlawful employment practices complained of in paragraph 7 above were intentional.

11. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Heather Gibson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating employees because of their sex and pregnancy, and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Heather Gibson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to post and keep posted notices in accordance with the provisions of Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a) and assess appropriate civil fines against the Defendant pursuant to Section 711(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-10(b).

E. Order Defendant Employer to make whole Heather Gibson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to out of pocket expenses, job search expenses, cost of insurance premiums, and medical expenses, plus prejudgment interest, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Heather Gibson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

G. Order Defendant Employer to pay Heather Gibson punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

_/s/ Laurie A. Young_
LAURIE A. YOUNG, #11480-49
Regional Attorney

_/s/ Michelle Eisele_
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

_/s/ Jo Ann Farnsworth_
JO ANN FARNSWORTH, #8364-49
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street,
Suite 1900
Indianapolis, In 46204
Phone: (317) 226-7949
Fax: (317) 226-5571
Email: joann.farnsworth@eeoc.gov